Filed 8/26/20  P. v. Vazquez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CARLOS ADRIAN VAZQUEZ, Defendant and Appellant. | B297133 Los Angeles County Super. Ct. No. BA416505 |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge. Affirmed.

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Attorney General, Amanda V. Lopez and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. Under Penal Code section 1170.95,[1] a person who was convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could not be convicted of murder following the enactment of SB 1437, may petition the sentencing court to vacate the conviction and resentence on any remaining counts.

In 2015, appellant and defendant Carlos Vazquez pled no contest to voluntary manslaughter. In 2019, he filed a petition for recall and resentencing under section 1170.95. The trial court denied the petition, concluding as a matter of law Vazquez was ineligible for relief because he was not convicted of murder. On appeal, Vazquez argues (1) because his petition stated a prima facie claim for relief, the court erred in denying the petition before appointing counsel; and (2) the court erred by concluding section 1170.95 does not apply to petitioners who pled no contest to voluntary manslaughter. We affirm.

## BACKGROUND[2]

The Los Angeles County District Attorney filed an information charging Vazquez and two co-defendants with murder (§ 187, subd. (a); count one). The information also alleged

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Because Vazquez pled no contest, there was no trial at which facts relating to the underlying offense were adduced.

the murder was committed for the benefit of a criminal street gang. On the People's motion, the trial court amended the information by interlineation and added a voluntary manslaughter charge (§ 192, subd. (a); count two). Vazquez pled no contest to voluntary manslaughter, and the court sentenced him to an upper term of 11 years in state prison. The court ordered the remaining count and allegations dismissed.

In 2019, Vazquez filed a petition for resentencing under section 1170.95. In the petition, Vazquez noted that he pled no contest to voluntary manslaughter, not first or second degree murder. Vazquez requested that counsel be appointed on his behalf. The trial court summarily denied the petition, concluding Vazquez was ineligible for relief as a matter of law because he was not convicted of murder.

Vazquez timely appealed.

## DISCUSSION

**The Trial Court Correctly Denied Vazquez Relief under Section 1170.95**

### A. Governing Principles

#### 1. SB 1437's Limitation of Accomplice Liability for Murder

The legislature enacted SB 1437 "to amend the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 amended section 189 to provide that a participant in qualifying felonies

3

during which death occurs generally will not be liable for murder unless the person was (1) "the actual killer," (2) a direct aider and abettor in first degree murder, or (3) "a major participant in the underlying felony [who] acted with reckless indifference to human life[.]" (§ 189, subd. (e).)[3]

SB 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, rev. granted, S260493, Mar. 18, 2020 (*Verdugo*).) Under new section 188, subdivision (a)(3), "'[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135 (*Lewis*), rev. granted, S260598, Mar. 18, 2020.) "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction. [Citation.]" (*Ibid.*)

### 2. Petitions to Vacate Prior Convictions

SB 1437 also added section 1170.95 to the Penal Code. This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95

---

[3] This limitation does not apply "when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subd. (f).)

4

must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the information is missing "and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition contains the required information, section 1170.95, subdivision (c), prescribes "a two-step process" for the court to determine if it should issue an order to show cause. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327.) First, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made this initial prima facie showing, and has requested that counsel be appointed, he or she is then entitled to appointed counsel. (*Ibid.*; *Lewis*, *supra*, 43 Cal.App.5th at p. 1140 ["trial court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute."].) The court then reviews the petition a second time. If, in light of the parties' briefing, it concludes the petitioner has made a prima facie showing that he or she is entitled to relief, it must issue an order to show cause. (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 328.)

"Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any

5

remaining counts." (*Verdugo, supra,* 44 Cal.App.5th at p. 327, citing § 1170.95, subd. (d)(1).) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions. (§ 1170.95, subd. (d)(3).)

## B. Analysis

### 1. The court did not err by denying Vazquez's petition without appointing counsel

On appeal, Vazquez argues because he stated a prima facie claim for relief, the court prejudicially erred in denying his petition before appointing counsel. Vazquez's claims regarding the procedures section 1170.95 affords raise questions of law subject to de novo review. (See *In re T.B.* (2009) 172 Cal.App.4th 125, 129 [interpretation of statute reviewed de novo].) Applying this standard, we reject Vazquez's contentions.

The trial court was allowed to conclude, as it did, at the first stage of the section 1170.95 analysis, that Vazquez was ineligible for relief as a matter of law. (*Verdugo, supra,* 44 Cal.App.5th at p. 329 ["The court's role [at the preliminary eligibility determination stage] is simply to decide whether the petitioner is ineligible for relief as a matter of law . . . ."].) In his petition, Vazquez plainly stated he pled no contest to voluntary manslaughter and not first or second degree murder. The court file in no way suggested Vazquez was convicted of murder on a felony murder or natural and probable consequences theory. Rather, the court file showed he pled no contest to voluntary manslaughter. (See § 1170.95, subd. (a). [section 1170.95 applies only to individuals "convicted of felony murder or murder under a natural and probable consequences theory . . . ."]; *Verdugo, supra,* 44 Cal.App.5th at p. 329 [in determining whether a petitioner is

6

ineligible for relief as a matter of law, the trial court may evaluate "documents in the court file or otherwise part of the record of conviction that are readily ascertainable . . . ."].)

Finding no error in the court's conclusion that Vazquez was ineligible for relief as a matter of law, we also reject Vazquez's argument that the court erred by not appointing counsel. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 332-333 ["If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed."].)

We lastly reject Vazquez's argument that the trial court violated his constitutional rights by not appointing counsel. "[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.) "[T]he Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights. [Citation.]" (*Ibid.*)

The trial court followed the proper procedures and correctly denied Vazquez's petition.

### 2. Penal Code section 1170.95 does not apply to individuals convicted of voluntary manslaughter

Vazquez separately argues the trial court prejudicially erred by concluding section 1170.95 does not apply to petitioners who pled no contest to voluntary manslaughter. We disagree. Section 1170.95 applies only to individuals "convicted of felony murder or murder under a natural and probable consequences theory . . . ." (§ 1170.95, subd. (a).) It does not apply to individuals convicted of voluntary manslaughter. (See § 1170.95; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) [section

1170.95 plainly applies only to certain individuals convicted of murder, not voluntary manslaughter]; *People v. Flores* (2020) 44 Cal.App.5th 985, 989, 992-997 [section 1170.95 does not apply to defendants charged with murder who pled guilty to voluntary manslaughter]; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 ["a defendant who faces murder liability under the natural and probable consequences doctrine, but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95."].)

Vazquez also argues that not extending him section 1170.95 relief violates his constitutional right to equal protection. *Cervantes* addressed this issue and concluded the Legislature's decision to not extend section 1170.95 relief to individuals convicted of voluntary manslaughter does not violate equal protection. (*Cervantes*, *supra*, 44 Cal.App.5th at pp. 888-889.) As the *Cervantes* court noted, "[t]he decision not to include manslaughter in section 1170.95 falls within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited. [Citation.]" (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888.) Until such time as the Legislature redraws the line, we have no basis to remand for resentencing.

## DISPOSITION

The order denying Vazquez's petition under section 1170.95 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.